IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DURON POWELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:16-CV-451 (MTT) |
| | ) |
| Warden CLAY TATUM, | ) |
| | ) |
| Respondent. | ) |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends the Court grant Respondent Warden Clay Tatum's Motion to Dismiss (Doc. 25) Petitioner Duron Powell's 28 U.S.C. § 2254 petition because the Petitioner failed to file his petition within the one-year statute of limitations period set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See generally* Doc. 28. The Magistrate Judge found that the statute of limitations began to run on August 21, 2014 but was tolled by the Plaintiff's various post-judgment motions with the sentencing court. *Id.* at 6. Despite the multiple periods of tolling, the Magistrate Judge found the one-year statute of limitations ultimately ran by the time the Petitioner filed his § 2254 petition on October 14, 2016. *Id.* at 6-7. Thus, the Magistrate Judge recommends the petition be dismissed as untimely. The Petitioner has not objected to the Recommendation. The Court has reviewed the Recommendation, and the Court adopts the findings, conclusions, and recommendations of the Magistrate Judge. Accordingly, the Respondent's Motion to Dismiss (Doc. 25) is **GRANTED** and the Petitioner's § 2254 petition is **DIMISSED with**

**prejudice** as untimely. The Clerk is **DIRECTED** to terminate as moot a prior Motion to Dismiss (Doc. 9) filed by Warden Chris Hill, the former respondent, who is no longer a party. *See* Doc. 20.

## CERTIFICATE OF APPEALABILITY

Additionally, the Magistrate Judge recommends the Court deny a certificate of appealability (COA). Doc. 28 at 7. A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). Pursuant to 28 U.S.C. 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires a demonstration that "jurists of reason could disagree with the district court's resolution of [a petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When the Court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, as in this case, the petitioner must show that (1) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling;" and (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Petitioner has not made these showings. Accordingly, the Magistrate Judge's Recommendation is **ADOPTED** and the Petitioner is **DENIED** a COA.

**SO ORDERED**, this the 25th day of August, 2017.

                                              <u>S/ Marc T. Treadwell</u>
                                              MARC T. TREADWELL, JUDGE
                                              UNITED STATES DISTRICT COURT